CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
July 28, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| James Wheeler, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>N.P. Heather Greear, )<br>)<br>Defendant. ) | Civil Action No. 7:25-cv-00286 |

## **MEMORANDUM OPINION AND ORDER**

Plainifff James Wheeler, a pretrial detainee housed at Southwest Virginia Regional Jail and proceeding *pro se*, filed an action pursuant to 42 U.S.C. § 1983 contending that Defendant Heather Greear is responsible for improperly reducing his diabetes medication dosage, causing him to lose control of his bladder.

### I.    Factual and Procedural History

The complaint filed by Wheeler is sparse in its factual allegations.  (Dkt. 1 at 3.)   It relates that he was prescribed 1,000 mg of metformin for his diabetes.  He claims that the dosage was reduced by half while he was incarcerated.  He claims that he was not advised of the reduction and that the reduction caused him to lose control of his bladder.   He states that as a result of the reduction, he now must receive both insulin and metformin to control his diabetes.

On the basis that these factual allegations failed to state a claim upon which relief could be granted, Defendant Greear filed a motion to dismiss and memorandum in support thereof.

(Dkts. 16, 17.) Wheeler filed a response to the motion to dismiss (Dkt. 19), to which Defendant Greear replied. (Dkt. 20.) For the reasons explained below, the court will grant the motion to dismiss.

## II.     Standard of Reviewf

Wheeler brings this action *pro se*, so the court liberally construes his pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the court may neither construct a plaintiff's legal arguments for them, *Spanos v. Vick*, 576 F. Supp. 3d 361, 366 (E.D. Va. 2021), nor "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court "should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, dismissal is appropriate when the complaint fails to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6).

## III.     Analysis

Although he used the form for filing actions pursuant to 42 U.S.C. § 1983, Wheeler did not specify a legal basis for his claim in the complaint. Accordingly, the court has assumed that he asserts a claim that his constitutional rights were violated in connection with inadequate medical care. As a pretrial detainee, Wheeler's claim related to allegedly inadequate medical treatment arises under the Fourteenth Amendment[1], not the Eighth Amendment. *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) ("Mays alleged that the denial of medical care

---

[1] In his response to the motion to dismiss, Wheeler states that his claim is brought under the Fourteenth Amendment. (Dkt. 19 at 2.)

violated both the Eighth Amendment's prohibition on cruel and unusual punishment and the Fourteenth Amendment's Due Process Clause. But since Mays was a 'pretrial detainee and not a convicted prisoner,' the Fourteenth Amendment, and not the Eighth Amendment, governs his claim.").

To state a claim for deliberate indifference to a medical need, a pretrial detainee must show that:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023). Historically, a claim for deliberate indifference required showing that the defendant actually knew of and ignored a detainee's serious need for medical care. *Id.* However, the Fourth Circuit in *Short* held "it is sufficient that the plaintiff show that the defendant's action or inaction was . . . 'objectively unreasonable,'" or "that the defendant should have known of that condition and that risk, and acted accordingly." *Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). Differences in opinion between an inmate and medical staff over the course of medical treatment are insufficient to state a claim of deliberate indifference. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). The Fourth Circuit recently reiterated that it is "not enough for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee. Negligence was not enough before, and it is not enough now." *Short*, 87 F.4th at 611–12 (internal citations omitted). Thus, even when an inmate has alleged facts that could support a medical malpractice or negligence claim under state law, those facts may not support a

plausible claim that a prisoner's constitutional rights were violated in connection with the medical care.

Here, the few facts alleged do not indicate a plausible claim of Greear's deliberate indifference to Wheeler's serious medical needs. The medication was adjusted around February 11, 2025, and changed back to the original dosage on February 27, 2025, after Wheeler suffered side effects, so the reduction was for a limited period. (Dkt. 19-1 at 1, 3.) No facts indicate that Greear was aware or should have been aware that Wheeler could be harmed by the reduction in dosage. No facts indicate that the reduction in dosage was objectively unreasonable. At most, the facts alleged by Wheeler would support a claim of simple negligence or mere disagreement with medical treatment decisions, which are insufficient to support a claim under Section 1983.

In his response to the motion to dismiss, Wheeler stated additional facts. (Dkt. 19.) Defendant Greear correctly notes that only allegations in the amended complaint technically should be considered (Dkt. 20), but the court has reviewed these facts in order to determine if Wheeler's claim would survive the motion to dismiss were the court to permit amendment. These additional facts still would not indicate a plausible claim of entitlement to relief. Wheeler states that he named Greear as the Defendant because "more times then [sic] not she was the represent[ta]tive of the medical department during my visits. So therefore, I assumed NP Heather Greear was the main care provider." (Dkt. 19 at 1.) Wheeler's assumption that Greear was the provider who ordered the reduction does not support a claim that she is personally liable. Liability for civil rights violations is personal, meaning that a plaintiff must identify the particular actions or inactions of each defendant that led to the claimed harm. *See*

*Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Defendants "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* Therefore, Greear cannot be held liable simply because she was assumed to be the provider in charge or because she was main provider, and no facts are alleged that would support any claim of supervisory liability.

Additionally, even assuming the facts identified by Wheeler in his response could satisfy prongs 1 and 4 of the *Short v. Hartman* test for deliberate indifference above, no allegations whatsoever have been made by Wheeler that would support prongs 2 and 3 because Wheeler still alleged no facts as to the actions or inactions of Greear, any facts indicating that Greear was aware of the reduction, or any facts indicating Greear's awareness that Wheeler would suffer harm from the reduction in dosage. Amendment (if requested as to the specific allgeations asserted in Wheeler's briefing)[2] would be futile, so dismissal remains appropriate.

### IV.    Conclusion

For the reasons explained above, Defendant's motion to dismiss is **GRANTED**. Because the dismissal of this action is based upon a lack of facts asserted, the court **DISMISSES** this action without prejudice.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order

---

[2] The court notes that Wheeler in his response changed the Defendant in the caption of the case to Wexford Health Sources. (Dkt. 19 at 1.) Wheeler did not, however request amendment, so the court has not added Wexford as a party to this action.

to Wheeler.

    **ENTERED** this 28th day of July 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE